Good morning. Carrie Gordon, Federal Defenders of San Diego, for Ms. Flores-Mendoza. Your Honor, this is a case where the District Court shifted the burden of proof to Ms. Flores-Mendoza to disprove factual statements in the establish the factual predicate for which the District Court would determine the base offense level. Kennedy, I read it, and I don't really think that's what the District Court did. And I don't know that maybe you can convince me to the contrary. But the District Court said, look, I'll have any kind of a hearing you want, and the burden will be on the government if you challenge any of the facts in the pre-sentence report. And you said, well, I don't concede any of the facts. Yeah, but do you dispute any of the facts? No, no, but we don't concede them. Well, yes. Well, I think look at the – when you take a look at the – I don't know if we're you, but I'm saying you. When you take a look at the objections that were filed to the pre-sentence report in this case, they specifically state that Ms. Flores-Mendoza does not concede the accuracy of the probation officer's description of the offense conduct to the extent that it exceeds the facts which were in the plea agreement. It also states that Ms. Flores-Mendoza does not concede the accuracy of the facts to which the probation officer relies on to recommend the three-level enhancement for the number of aliens. What does it mean when you say I don't dispute the facts, but I don't concede the fact? Well, Your Honor, when you basically state that I don't concede that fact, what that means is you don't agree with that fact, and that fact, once it's in play, according to this Court's holding in Ammaline, that actually shifts the burden to the government to prove the factual predicate for the base offense level. And this Court held in Ammaline that the government bears the burden of proof for any fact that a sentencing court would find necessary to determine a base offense level. If Judge Moskowitz would have said, look, we're playing word games here, I'm going to have a hearing, what would the hearing have looked like from Ms. Flores-Mendoza's standpoint? What factual issues would have been clarified for the Court that weren't clarified in the colloquy between counsel and the judge? Well, it's difficult to say exactly what a hearing would have showed, the issue here being were there at least six illegal aliens that were harbored in a home that would warrant the three-level increase. Counsel did concede the fact that when people, the 11 people in the room were interviewed, counsel did agree that those 11 people told the Border Patrol agent that they were illegal aliens. But the difficulty here is the reliability of those statements. We're dealing with at least three levels of hearsay, and the statements can't – it's difficult to tell if those statements are accurate. There are a lot of reasons that people have incentives to lie in a situation like that, and we can't tell based on just the statements in the PSR. One reason that somebody may lie while stating that they're an illegal alien, as opposed to a person who's actually an alien smuggler, which could have been the case here, is that if they admit that they're an illegal alien, they'll just be deported back across the border and they won't face criminal prosecutions for an alien smuggling charge. So given just the limited facts in the PSR, that would be difficult to tell based on that information. It's important for a sentence to rely on good, solid evidence, and the fact that the illegal aliens were deported after they were interviewed, counsel, Formos Flores-Mendoza, would not have an opportunity to interview those people to find out exactly their citizenship. It's possible they could have claims to derivative citizenship. Without interviewing, we wouldn't know, and thus we're really left with just the police report or in the pre-sentence report, which really just gleaned from the interviews from probation, from the border patrol. So essentially we're left with here unreliable statements that the district court relied on to enhance the sentence. Well, for example, one fact was that there were 11 people huddled in one room, right? Do I remember this correctly? Yes, I believe there were the facts were there were 11 people that were found in the house. When you say the facts, those were the facts. I mean, that's that's the whole point. Those that was one of the facts. And Judge Moskowitz says, do you dispute that there were 11 people stuck in one room? That is true that that is one of the facts that defense counsel did agree to. However, defense counsel agreed that those 11 people told the border patrol agent after being interviewed that they were illegal aliens. Defense counsel didn't concede the fact or admit that they are actually illegal aliens. Again, without an opportunity to interview them and find out their exact immigration status and background history, defense counsel couldn't concede the fact that they were actually illegal aliens without any opportunity to interview them prior to the deportation. This was a fast track case, and there were four people that were kept afterward that were interviewed by border patrol. But initially, upon questioning, based on the record, when 11 people were questioned, it just states that they were questioned by border patrol and admitted that they were illegal aliens. It doesn't state in which the manner they were questioned, and discovery was not provided specifically regarding their immigration status. Is it your contention that at such a hearing, if it had been held that the aliens themselves would have had to been presented for cross-examination as opposed to a border patrol agent saying these are statements against their interest and therefore an exception to the hearsay rule applies? Yes. Based on Crawford, we would have reliability problems with these statements using to being used to enhance a sentence. It's our position that based on just the information in the probation report that these statements are unreliable and wouldn't meet the preponderance of the evidence. But I think it's also important to note here that not only did Judge Moskowitz or the district court rely on the stipulated facts that defense counsel agreed to, but he also made it clear that he went on and he included other facts in determining whether or not the three-level enhancement applied. He specifically stated that he's not relying on just those specific five facts, but based on the excerpt of record, page 63, at the very beginning of the proceeding, the district court states that based on the facts alleged in the pre-sentence report and the number of aliens enhancement certainly would be more than substantiated. Frankly, the facts in the pre-sentence report are clear, but those are the facts that were objected to by defense counsel. So it's clear that he also, towards the end of the hearing, which lasted for approximately two hours back and forth between defense counsel and the district court, ultimately makes the finding that I have already dealt with a three-level increase, and the court made it clear, not for the facts that I relied upon, essentially meaning the five facts that were hashed out with defense counsel, but for the facts that I read in the PSR that are uncontested. Essentially, the only facts that were admitted to by defense counsel were the five specific facts here and the facts that were listed in the plea agreement. It's unclear exactly what other facts the district court relied on, but we do know that he did rely on other facts other than the five that were actually agreed to by defense counsel in this case. In order to reach the conclusion that the enhancement applies, are there any facts in addition to the — aren't those facts sufficient for purposes of the enhancement, regardless of what other facts were in the PSR, that there were 11 in the room, that they didn't have — that they were — that they didn't have shoes, that they were bound together in Ms. Flory's home, and she admitted that she — she harbored one — one alien, why can't a court conclude from all of that, in addition to the — to the discussion with counsel, that — that by a preponderance of the evidence, there were more than one — there were 11 aliens there, and the enhancement applies? Well, I think looking at the facts here, as stated before, that 11 people did state that they were illegal aliens, but because there are strong incentives to lie in this case, the reliability of those statements is being challenged, and we can't tell just from the statements based in the PSR whether or not those are reliable when somebody has a strong incentive to lie. Also of note, people were found in the room that didn't have their shoes on, but there's nothing to indicate that because you don't have shoes, it means you're an illegal alien. Apparently, they were left outside the door, and it's not as though they were locked away and being kept away from them. At this point, I would like to reserve the time remaining. You bet. Thank you. Thank you. May it please the Court, my name is Gene Lipinoff, and I represent the United States in this matter. As Your Honors have already noted, the key issue here is whether there were actually facts in dispute, and the government's brief, I think, lays out that, first of all, defense counsel at the sentencing, time and time again, said we don't dispute the facts that underlie the reasoning behind the three-point enhancement for the number of aliens being smuggled. And when you look at that in contrast to the discussion about the substantial risk to these people, you can see that the defense counsel in this case was conceding the facts for the three-point enhancement, but was clearly disputing the facts that underlined the substantial risk enhancement. Judge Moskowitz decided not to apply the substantial risk enhancement. I think when you compare the two, you can see where the defense counsel was really going with this. She conceded the facts time and time again. Suppose she hadn't used the word concede. Suppose she just said, I want the government to be put to its proof. What would happen then? Well, if you look at the objections to the pre-sentence report, defense counsel had asked for an evidentiary hearing on any disputed facts. She backed away from that at the sentencing. And if you're asking what it would look like, the government would have to put on witnesses. And Appellant makes the argument that so was her was her mistake calling it a concession. If she just said, I make a general denial, I want a hearing, I want you to prove every single thing that's in the report. I don't think a general denial is – would work. And I'm not sure if Your Honors received my 28J letter. Great. If you look at the Sixth Circuit and Seventh Circuit, they – that amounts to a general denial. Just denying the truth of what's in the PSR is not enough. And that is actually the position that the government would ask this Court to adopt here, to say that general denials doesn't create a factual dispute under Rule 32 that the district court then needs to resolve. And Judge Moskowitz was right on point by saying, look, we'll go through the PSR, and if you want – we'll go line by line, and if you want to dispute something, tell me why you think it's in dispute, and then we'll – I'll resolve it. We'll have an evidentiary hearing, and we'll resolve it for your client. And that was exactly the right thing for Judge Moskowitz to do. And at that point, defense counsel said, no, we don't want an evidentiary hearing. And that really – unless the PSR – if you look at the Seventh Circuit case that I cited, Must Read, it says, unless the PSR gives a bare assertion of a fact, the defense can't come back with a bare denial. And this PSR, the facts that underline the three-point enhancement, those weren't bare assertions. Judge Moskowitz cited everything that you talked about, the 11 aliens, no shoes, all huddled in a room. Those are all substantiated facts from reports that were turned over to defense counsel. And as a factual matter, it's not true in discovery that defense only received information about four aliens. They actually received what are called I-213s, arrest reports for each of the aliens, and each one had indicated that they are an illegal alien. I agree. I would suggest that hearsay exceptions would apply that would get that evidence in. The agents themselves could be called to the stand and cross-examined about their interviewing techniques. And what does she have to say to trigger that kind of hearing? She has to – well, I think Judge Moskowitz had made it clear. He had made it clear that the distinction was – he doesn't think that conceding and contesting are the same thing. He made it clear on page 98 of the excerpt of the record what she would have to do. And she would have to say, I contest these facts. He made it clear to her saying, I concede isn't – or I don't concede is not enough. And so that's – So if she said, I contest – if she just said, I contest that they're about the shoes, then they get – then she gets a hearing? Well, she's not necessarily entitled to a hearing. I think the case law is clear that the district court can resolve the issue based on proffers by the parties. But if – Judge Moskowitz, and he's pretty thorough, he's willing to do the hearing. And he was willing to give this defendant a hearing on any factual dispute that she wanted. And so she – So I guess just to sort of play this out, Judge Moskowitz would have said, okay, I have a report. You want a hearing? Fine. I have a report that says they're not wearing shoes. You tell me what evidence you have to show that they were wearing shoes or something to that effect. Right. And that's not burden shifting. That's just more – if you want to analogize that maybe to summary judgment in civil case, it's more of – if the government meets its initial burden of putting on evidence or the PSR meets its burden, then there is a shift of production. The defendant has to come forth with some information to show why there's a factual dispute. And ultimately, though, at the end of the day, it's the government's burden to prove by at least a preponderance of the evidence that the – that that fact has been proved. And I guess if there's no more questions, again, I would urge the Court to look at the cases cited in the 28 Jailer. And I'd urge the Court to adopt that as a rule of law in a published opinion. Thank you very much. Ms. Gordon, you've got about a minute left. Thank you. With respect to the 28 J, I just received that this morning, so I would like a week to be able to respond to that. The government did cite a Sixth Circuit case that I'm not familiar with, so I would like some time to respond to that. Your Honors, I think it's important to note that by forcing a defendant to essentially disprove facts in the presentence report, that does amount to burden shifting under Omline. This Court held that that exact – that's very similar to what happened in Omline, that the district court improperly shifted the burden by making the defense proffer evidence against the facts that were in the PSR. And it's important to note as well that the government had an opportunity to look at the facts and examine the facts of this case prior to making an offer in this case. They did – the plea agreement did not indicate any facts for the three-level enhancement, and it's also important to note that at the time of sentencing, the government did not enter any evidence in support of the three-level enhancement as well. Thank you. Thanks, both counsel. The case just argued is submitted.
judges: Canby, Silverman , Leighton